IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Anthony D. Sanders,   #06132-007, ) | C/A NO.  3:07-2915-CMC-JRM |
| ) | |
| Petitioner, ) | |
| ) | **OPINION and ORDER** |
| v. ) | |
| ) | |
| Warden, FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus, filed in this court pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On August 5, 2008, the Magistrate Judge issued a Report recommending that Respondent's motion for summary judgment be granted and this matter dismissed with prejudice. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections to the Report on August 22, 2008.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After reviewing the record of this matter, the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge except as relates to the claims regarding the United States Parole Commission.

The Petition contends that the United States Parole Commission (USPC) erred in using the procedurally flawed disciplinary report in its consideration of his parole application in 2007. Petitioner maintains that this error negatively impacted his eligibility for parole. In his initial order in this case, Magistrate Judge McCrorey determined that the only proper defendant in this matter was the Warden at FCI – Edgefield, and Respondent later moved for summary judgment as to the USPC, contending that Petitioner had not "demonstrated exhaustion through the U.S. Parole Commission for issues concerning their [sic] reliance on the disciplinary action in his Notice of Action." Answer and Return at 3 (Dkt. # 7, filed Oct. 7, 2007). The Magistrate Judge agreed and recommended dismissal of Petitioner's claims as to the USPC, presumably without prejudice.

Petitioner was committed to a period of incarceration based upon his conviction in 1994 in the Superior Court for the District of Columbia (D.C.) of the offense of rape while armed. Petitioner is currently housed at FCI–Edgefield based upon the Attorney General's authority to place those offenders who have committed violations of the D.C. Code in Bureau of Prisons (BOP) facilities.

Federal prisoners are required to exhaust administrative remedies before filing a habeas corpus petition under 28 U.S.C. § 2241. *Durfee v. INS*, 275 F.3d 332, 336 (4th Cir. 2001). In his objections, Petitioner notes that his October 25, 2007 Notice of Action from the USPC expressly

states that "the above decision is not appealable." *See* Objections at 2 (Dkt. #24, filed Aug. 22, 2008); Affidavit in Opposition to Traverse at 19 (Dkt. # 16, filed Dec. 28, 2007). Prisoners in federal custody for a violation of the United States Code are expressly provided a right to appeal parole decisions to the National Appeals Board . 28 C.F.R. § 2.26. However, District of Columbia Code violators in BOP custody have no such right of appeal. The court notes that 28 C.F.R. § 2.26 is contained within subpart A of 28 C.F.R. Part 2, and applies only to United States Code violators. Subpart C, which applies to D.C. Code offenders, contains no similar provision. Additionally, one section in Subpart C, 28 C.F.R. § 2.89, incorporates certain sections in Subpart A by reference to make them applicable to DC Code offenders. However, Section 2.26, which provides the right to appeal to the National Appeals Board, is not one of the sections incorporated. The USPC takes the position that D.C. Code violators have no right of appeal to the National Appeals Board. *See*, *e.g.*, http://www.usdoj.gov/uspc/questions.htm ("Decisions granting or denying parole for prisoners sentenced under the District of Columbia Code may not be appealed to the Commission."). Accordingly, D.C. Code offenders challenging parole denials by the USPC have no administrative remedy to exhaust, and the court may consider Petitioner's application on the merits.

However, having found that there was no error in the process or findings of the disciplinary re-hearing, reliance, if any, by the USPC on the initial disciplinary report would have been harmless error. Therefore, Petitioner's claim as to the USPC fails.

Respondent's motion for summary judgment is **granted** and this petition is dismissed with prejudice.

3

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON McGOWAN CURRIE
                                                UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
September 9, 2008

C:\Documents and Settings\Kgb07\Local Settings\Temp\notesE1EF34\07-2915 Sanders v. Warden e adopt rr gr sumgj.wpd